UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DUANE CRAMER,**

        **Plaintiff,**

     v.                                   **3:08-cv-1052**

**THE VILLAGE OF ENDICOTT, a municipal entity,
JOHN DOES, ENDICOTT VILLAGE POLICE
OFFICERS, individually and in their official
capacities, DAVID WOODS and DEBRA CRAMER,**

        **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

Plaintiff commenced this action pursuant to the Court's federal question jurisdiction asserting claims of false arrest and false imprisonment pursuant to 42 U.S.C. § 1983. See Compl. ¶¶ 1-4. Plaintiff alleges that he was unlawfully arrested by Endicott Police Officer J. Vanek for "Eavesdropping" when Plaintiff attempted to use a video camera to record the custodial exchange of his son with his ex-wife, Defendant Debra Cramer, at the Endicott Police Station. Id. ¶¶ 16-20. Defendant David Woods is purportedly Debra Cramer's father. There are no factual allegations against Woods or Cramer, and the only allegation that conceivably concern these two defendant is contained in the Complaint's 21st

1

paragraph wherein Plaintiff alleges: "The plaintiff was otherwise subjected to negligent actions on the part of the defendants which negligent actions were the proximate cause of the injuries and damages which he suffered." Id. ¶ 21.

Defendants Woods and Cramer move to dismiss the action against them pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff has not opposed the motion and his time to do so has expired.

## II.   DISCUSSION

The Local Rules of the Northern District require any party who does not intend to oppose a motion to notify the court no less than fourteen (14) calendar days prior to the scheduled return date or be subject to possible sanctions. N.D.N.Y.L.R. 7.1(b)(3). The Rule further provides that "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown." Id.

Defendants have met their burden of demonstrating their entitlement to dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). A motion brought under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims pleaded in a case. On a motion to dismiss, all factual allegations in the complaint are accepted as true, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and the Court must determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, the Court must determine whether the "[f]actual allegations . . . raise a

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., at 1965; see Barkley v. Olympia Mortgage Co., 2007 WL 2437810, at * 9 (E.D.N.Y. Aug. 22, 2007).

The allegations in the Complaint do not allege facts sufficient to support a plausible claim for relief against Defendant Woods or Defendant Cramer. Under these circumstances, Plaintiff's failure to oppose the motion is deemed his consent to granting the requested relief.

### III.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) [dkt. # 10] is **GRANTED**, and all claims against Defendants Woods and Cramer are **DISMISSED**.


**IT IS SO ORDERED**

DATED: December 10, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge

3